UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWN ESPOSITO AND PAOLA CORTAZAR, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) Civil Action No. ) |
| REFUAH HEALTH CENTER, INC., | ) **NOTICE OF REMOVAL** ) |
| *Defendant.* | ) **Document Filed Electronically** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that, pursuant to 42 U.S.C. § 233(*l*)(2) and 28 U.S.C. § 1442, and on the grounds set forth below, Defendant Refuah Health Center, Inc. ("Refuah") removes to this Court the civil action of Plaintiffs Dawn Esposito and Paola Cortazar, captioned *Dawn Esposito and Paola Cortazar, individually and on behalf of all others similarly situated v. Refuah Health Center, Inc.,* Index No. 032451/2022, and commenced on or about June 10, 2022 in the Supreme Court of New York, County of Rockland. A copy of the summons and complaint is attached as Exhibit A.

1.     Refuah is a community health center recipient of federal grant funds under Section 330 of the Public Health Service Act (codified at 42 U.S.C. § 254b *et seq*.). As such—and for all relevant times—Refuah applied for and received federal status as a "deemed" U.S. Public Health Service (PHS) employee for purposes of the protection afforded by 42 U.S.C. § 233(a). That protection is an absolute immunity from *any* civil action or proceeding resulting from the deemed

1

PHS employee's performance of (or alleged failure to perform) medical or related functions within the scope of its deemed federal employment. 42 U.S.C. § 233(a), (g), and (h).

2. This action falls squarely within that statutory protection. *See Summer Mixon, individually, and on behalf of all others similarly situated, Plaintiff, v. CareSouth Carolina, Inc.*, Case No. 22-cv-00269, 2022 WL 1810615 *4-8 (D.S.C. June 2, 2022) (Harwell, C.J.) (granting deemed health center defendant's motion to substitute United States, over its objection, in putative class actions arising out of health center's alleged failure to safeguard personal and confidential information of current and former patients); *Ford v. Sandhills Medical Foundation, Inc.*, Case No. 4:21-cv-02307-RBH, 2022 WL 1810614 (D.S.C. June 2, 2022) (same).

3. According to the operative complaint, this civil action arises out of Refuah's alleged failure to secure and safeguard protected health information and other confidential information (referred to herein collectively as Protected Information or "PI") related to the provision of health care services to its patients. The complaint alleges, in essence, that: (1) Refuah owes a duty to plaintiffs and the putative class members—arising out of their patient-provider relationship—to implement and maintain reasonable and adequate systems and procedures for protecting and safeguarding the confidentiality of their PI against loss or unauthorized use; (2) Refuah breached that duty by failing to implement and maintain reasonable security procedures and practices to protect plaintiff and the putative class members' PI from unauthorized access and disclosure; and, as a result, (3) a party gained unauthorized access to and stole plaintiff and the putative class members' PI from Refuah's electronic health record system.

4. Plaintiffs assert claims of negligence, breach of express contract, breach of implied contract, violations of New York General Business Law § 899-AA, violations of New York

General Business Law § 349, and invasion of privacy by intrusion, and seek damages and injunctive relief. Ex. A. ¶¶ 1-6, 64-128.

## BASIS FOR REMOVAL

### I. JURISDICTION

**A.  Deemed Federal Employee Removal—42 U.S.C. § 233(*l*)(2)**

5.  The Court has jurisdiction under 42 U.S.C. § 233(*l*)(2), a federal officer removal statute enacted specifically for the benefit of deemed PHS employees (such as Refuah). Section 233(*l*)(2) provides a deemed individual or entity the right to a federal forum for a judicial determination as to the availability of a federal immunity defense. *Campbell v. S. Jersey Med. Ctr.*, 732 F. App'x 113 (3d Cir. 2018) (recognizing this statutory purpose of § 233(*l*)(2)); *see also Booker v. United States*, Case No. 13–1099, 2015 WL 3884813 *7 (E.D. Pa. June 24, 2015) (recognizing "removal pursuant to § 233(*l*)(2) serves the same purpose as procedure contemplated by [28 U.S.C.] § 2679(d)(3)"]). The PHS Act imposes no time limit on § 233(*l*)(2) removals. *Estate of Booker v. Greater Philadelphia Health Action*, 10 F.Supp.3d 656, 665-66 (E.D. Pa. 2014) ("The fact that § 233(*l*)(2) was added to a statutory scheme in which suits against health centers were removable at any time before trial provides a basis to infer that Congress intended the same time frame to govern removals by the health centers themselves"); *Campbell*, 732 F. App'x 113 (42 U.S.C. § 233(*l*)(2) removal is not permitted *after* entry of default judgment as that is no longer "before trial" within the meaning of § 233(c)); 42 U.S.C. § 233(c) (permits Attorney General to remove state actions on behalf of actual and deemed PHS employees "any time before trial"). Given the commanding language and unmistakable thrust of § 233(*l*), this provision should be broadly construed to facilitate the removal, hearing, and judicial determination expressly contemplated therein. *Cf. Willingham v. Morgan,* 395 U.S. 402, 406–407 (1969) (construing

federal officer removal statute, 42 U.S.C. § 1442, broadly in favor of a federal forum to ascertain the availability of a federal defense arising out of official conduct).

**B.     Officer Removal—28 U.S.C. § 1442**

6.     The Court also has jurisdiction under 28 U.S.C. § 1442(a)(1), the general officer removal statute. Section 1442(a)(1) affords a right of removal to "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). The statute permits removal even when the underlying federal question arises only as a defense to a state-law claim. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006) (noting federal officer removal statute operates as an exception to the "well-pleaded complaint" rule). The general officer removal statute protects important federal interests and must be broadly construed in favor of a federal forum. *See Colorado v. Symes*, 286 U.S. 510, 517 (1932) ("It scarcely need be said that such measures [allowing for federal officer removal] are to be liberally construed to give full effect to the purposes for which they were enacted."), *Willingham*, 395 U.S. at 406–407.

7.     Pursuant to 42 U.S.C. § 1442(a)(1), Refuah is an officer, or a person acting under a federal officer. When broadly construed, as required, the phrase "any officer" in § 1442 can be read to include Refuah as it is "deemed to be an employee of the Public Health Service" under a federal statute that not only affords Refuah a federal immunity defense but affords an additional removal right as well.

8.     In the alternative of finding that Refuah is a qualifying federal officer under 42 U.S.C. § 1442, it nevertheless qualifies as a person acting under a federal officer. *Agyin v. Razmzan*, 986 F.3d 168, 177 (2d Cir. 2021) (holding that (a) individual deemed PHS employee's

4

removal under 42 U.S.C. § 1442 was proper because, as an employee of a deemed health center entity, he was acting under a federal officer with respect to medical and related functions performed on behalf of the health center entity, and (b) deemed PHS employee enjoyed "the same legal immunity that is extended to employees of the Public Health Service")); *see also* H.R. Rep. 104-398, reprinted in 1995 U.S.C.C.A.N. 767, 774 (indicating congressional intent that deemed PHS employees be "covered for malpractice claims under the [FTCA] in the same manner as are employees of the Public Health Service").

9. To invoke § 1442(a)(1), a defendant who is not a federal officer must demonstrate that (1) he or she or it is a "person" under the statute (2) who acted 'under color of federal office' and (3) has a "colorable federal defense." 42 U.S.C. § 1442(a)(1). As a nonprofit corporation, which operates a federal grant project on behalf of HHS, Refuah qualifies as a person within the meaning of § 1442. *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir. 2008) (finding that the "term 'person' includes corporate persons"). Refuah "acted under" an office of HHS to "assist, or to help carry out, the duties or tasks of the federal superior." *Watson v. PIlip Morris Cos.*, 551 U.S. 142, 149 (2007); 42 U.S.C. § 254(o) (the central office of the Health Resources and Services Administration administers Health Center grant program on behalf of the HHS Secretary). In particular, Refuah is statutorily obligated to serve an area or population that the HHS Secretary designated "medically underserved." *Id*. at 254b(a)(1). Refuah is therefore supporting the mission of the actual PHS by performing functions that would otherwise fall within PHS responsibilities.

10. Refuah's deemed federal status (as to specified periods) is irrevocable and affords "the same" immunity that an actual PHS employee enjoys under 42 U.S.C. § 233(a). 42 U.S.C. § 233(g)(1)(A) (making remedy against United States "exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to

subsection (a)"), (F) (providing that deemed status is "final and binding" on the United States and all parties to litigation). For § 1442, Refuah's federal defense is "colorable," to the say the least.

## II.     PARTIES

11.     Defendant Refuah is an New York-based nonprofit organization that receives federal funding under Section 330 of the PHS Act (42 U.S.C. § 254b) to operate a community-based health center project that provides primary and related health care services to medically underserved residents of various Arkansas counties, regardless of any individual's ability to pay for the services. *See* 42 U.S.C. § 254b(a), (b), (j), (k). Refuah serves specific geographic areas that the HHS Secretary has designated as "medically underserved." *Id*. at 254b(a)(1).

12.     According to her complaint, Plaintiff Dawn Esposito and Plaintiff Paola Cortazar are both residents of New York and former patients of Refuah. *See* Ex. A ¶ 7-8.

## III.    STATUTORY FRAMEWORK

13.     Under the Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, § 4, 84 Stat. 1868, 1870-71 (1970), codified at 42 U.S.C. § 233, PHS personnel are absolutely immunized from any civil action or proceeding arising out of their performance of medical, surgical, dental or related functions within the scope of their employment. 42 U.S.C. § 233(a). Section 233(a) extends absolute immunity to PHS personnel by making the remedy for damages against the United States under the FTCA the *exclusive* remedy for such actions. *Id*.

14.     To facilitate the legislative objective of ensuring medical services in underserved areas, 42 U.S.C. § 233(a) shields PHS personnel from personal liability arising out of their performance of medical and related functions. Without such protection, reports suggest that the cost of professional liability insurance would greatly hinder or altogether preclude the provision of these services. *See* § 2, 84 Stat. 1868; H.R. Rep. No. 1662, 91st Cong., 2d Sess. 1 (1970); 116

Cong. Rec. 42,543 (1970) (Rep. Staggers, the House of Representatives sponsor, stating that PHS physicians "cannot afford to take out the customary liability insurance as most doctors do," "because of the low pay that so many of those who work in the [PHS] receive."). To achieve its purpose, the grant of absolute immunity to PHS personnel under 42 U.S.C. § 233(a) is "broad" and "comprehensive." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (immunity is broad enough to "easily accommodate both known and unknown causes of action").

15. The Federally Supported Health Centers Assistance Act of 1992 (and as amended in 1995) (the "FSHCAA"), 42 U.S.C. § 233(g) *et seq.*, authorizes the Secretary of the U.S. Department of Health and Human Services (HHS) to extend to certain federally-funded health centers and their officers, directors, and employees (and certain contractors) the same protection that § 233(a) affords to actual PHS employees. That protection is an "*absolute immunity* . . . for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui*, 559 U.S. at 806 (emphasis added).

16. To qualify as a deemed entity for § 233(a) immunity, a health center grantee must submit an application with detailed information and supporting documentation sufficient for the HHS Secretary to verify that the coverage should apply to all services provided by the health center to patients and in certain circumstances non-patients of the center. The applicant is also required to demonstrate that the health center meets four requirements listed in § 233(h), including a requirement to "implement[] appropriate policies and procedures to reduce the risk of malpractice and the risk of lawsuits *arising out of any health or health-related functions performed by the entity*." 42 U.S.C. § 233(g)(1)(D) and (h) (emphasis added).

FIRM:56352828v1

17. The statute requires the Secretary to make a deeming determination for health centers and their personnel within 30 days of receipt of such an application. *Id*. at § 233(g)(1)(E). The application seeks § 233(a) immunity in advance of and with respect to a specific prospective period (i.e., calendar year). A favorable deeming determination by the Secretary (which confers immunity) is "final and binding" (42 U.S.C. § 233(g)(1)(D)-(F)) on HHS, the Attorney General, and "other parties to *any* civil action or proceeding." 42 U.S.C. § 233(g)(1)(F) (emphasis added), with respect to the designated period.

18. By requiring a prompt and advance deeming determination, which constitutes a final and binding determination on all parties for a specified and prospective period, and conferring absolute immunity from any action or proceeding resulting from covered conduct for that period, the FSHCAA is designed to eliminate a federally-funded health center's need to purchase (expensive) private professional liability insurance for actions arising out of the performance of medical or related functions within the scope of their employment and in so doing allows centers to devote their federal grant funds to patient services (rather than insurance premiums). *See* H.R. Rep. 102-823, pt. 1, at 3 (1992).

19. When a civil action or proceeding is brought against a deemed PHS employee, the entity or individual has a duty to deliver the pleadings to the grantor agency's designated representative, which is HHS's Office of General Counsel (OGC). HHS OGC is in turn required, to "promptly" provide copies of the pleadings to the Attorney General and appropriate local U.S. Attorney. 42 U.S.C. § 233(b).

20. Upon notification of a state court action against a deemed individual or entity (which is confirmed by a Notice of Deeming Action), the Attorney General has a mandatory (non-discretionary) duty to appear in that court within 15 days of notice of the lawsuit to report whether

the "Secretary has determined under subsections (g) and (h) of [Section 233], that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." *Id*. at § 233(*l*)(1). The report to the state or local court of the HHS Secretary's deeming determination is also "deemed to satisfy the provisions of [42 U.S.C. § 233(c)] that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility." *Id*. at § 233(*l*)(1); *Cf*. 28 U.S.C. § 2679(d)(3).

21.     If, despite that mandatory duty, the Attorney General (or his or her authorized representative) fails to appear in the state court action or proceeding within 15 days of notice of the state action and remove it to federal court, the deemed entity or individual has an absolute right to remove the matter to the appropriate federal district court, without any time limit for doing so. *Id*. at § 233(*l*)(2). Section 233(*l*)(2) is in substance and effect an officer removal statute, akin to (but even more generous than) the general officer removal statute at 28 U.S.C. § 1442(a)(1).

22.     Upon removal, the state court proceeding is stayed, by operation of law, until the federal district court conducts a "hearing" to determine the proper forum or procedure and issues an order consistent with its determination. 42 U.S.C. § 233(*l*)(2).

23.     The hearing in federal district court following § 233(*l*)(2) removal allows a deemed entity or individual to challenge the federal government's failure or refusal to "determine[] under subsections (g) and (h) of [§ 233], that such entity [or] employee … is deemed to be an employee of the [PHS] for purposes of [§ 233] with respect to the actions or omissions that are the subject of such civil action or proceeding." *Id*. at § 233(*l*)(1). Where, as here, the claim is covered by the deemed defendant's § 233(a) immunity, § 233(*l*)(2) ensures that the United States is substituted as

9

the only proper defendant in his or her (or its) place. *El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d 1265, 1272 (D.C. Cir. 2005); *see also Booker*, 10 F.Supp.3d at 656.

### IV.   FACTUAL AND PROCEDURAL BACKGROUND PERTINENT TO THE GROUNDS FOR REMOVAL

24.   Refuah submitted deeming applications for itself and its personnel with respect to each year and all times relevant to this action. The HHS Secretary, under 42 U.S.C. § 233(g) and (h), approved the applications and deemed Refuah and its personnel for purposes of the protections afforded under § 233(a) *et seq*. Copies of the Notice of Deeming Action for the calendar years 2020, 2021, and 2022 are attached hereto as Exhibit B.

25.   On or about June 10, 2022, Plaintiffs filed a civil action against defendant in a New York state court. In essence, the complaint alleges that: (1) plaintiffs and putative class members are current and former patients of Refuah who sought and obtained health care services from Refuah and that, in order to receive those services, they had to provide and entrust Refuah with their PI, Ex. A, Compl. ¶¶ 1-6, 14, 54, 69, 79; (2) Refuah breached duties owed, and implied promises made, to plaintiffs and the putative class members by failing to safeguard and protect their PI and by failing to timely detect the data breach within a reasonable time. *Id*. at ¶ 4, 54, 62, 69, 74, 82, 89, 97; and, as a result, (3) an unauthorized individual or party was able to infiltrate and steal plaintiffs' and the putative class members' PI from Refuah's electronic health records system, causing and threatening to cause various harms to them. Ex. A, Compl. ¶ 57, 66, 70, 76, 84, 89, 100.

26.   Plaintiff has yet to serve Refuah with the summons and complaint in accordance with New York law.

27.   Refuah nevertheless became aware of the action on or about June 14, 2022.

28. On June 15, 2022, Refuah delivered copies of the summons and complaint to HHS OGC and the U.S. Attorney for the Southern District of New York. See Exhibit C (notification through HHS OGC's designated email address and HHS OGC confirmation of receipt) and Exhibit D (notice to the local U.S. Attorney), respectively.

29. Within the last several weeks, Refuah notified HHS OGC and the local U.S. Attorney of another state court action against Refuah arising out of the same underlying events and raising substantially similar issues. Refuah asked the government to remove that action and substitute the United States in its place as the only proper defendant. When the government did not do so, Refuah removed that action to this Court for the threshold immunity determination contemplated by 42 U.S.C. § 233(*l*)(2). *See Krandle v. Refuah Health Center, Inc.*, Case No. 7:22-cv-04977 (S.D.N.Y).

### V.   REFUAH'S FEDERAL IMMUNITY COVERS THIS ACTION

30. As previously stated, § 233(a) provides absolute immunity to deemed PHS employees "for damage for personal injury, including death, *resulting from the performance of medical*, surgical, dental, *or related functions*, […] while acting within the scope of his office or employment." 42 U.S.C. § 233(a), (g).

31. The immunity provided under § 233(a) is not limited to medical malpractice but encompasses any action or proceeding arising out of "*related functions*"—*i.e.,* functions that are related to the performance of medical, surgical, or dental functions. 42 U.S.C. § 233(a); *see e.g., Z.B. ex rel. Next Friend v. Ammonoosuc Community Health Services, Inc.*, 2004 WL 1571988, *4 (D. Me. June 13, 2004) (phrase "related to" in the FSHCAA regulation recognizes that § 233(a) immunity extends beyond the mere act of providing medical care); *see also Pinzon v. Mendocino Coast Clinics Inc.*, Case No. 14–cv–05504–JST, 2015 WL 4967257 at *1 (N.D. Ca. 2015 Aug. 20,

2015) (granting, over objection, motion by United States to substitute itself in place of deemed health center defendant in civil action asserting claims for, among other things, violation of "the Americans with Disabilities Act," "Civil Rights Act of 1964," and "Health Insurance Portability and Accountability Act of 1996").

32. The claims against Refuah resulted from its "performance of medical … or related functions" within the scope of its deemed federal employment. 42 U.S.C. §§ 233(a), 254(b). On its face, the complaint alleges that Refuah, with respect to plaintiffs and its other similarly situated patients, breached its duty to maintain and secure the confidentiality of their respective PI and, as a result, caused harms to plaintiffs and the proposed class member patients of Refuah.

33. Maintaining the confidentiality of a patient's health and confidential information is a function that is not only related to, but is inseparable from, the medical functions of a health care provider. Indeed, the statute that governs the health center program, and makes a health center (such as Refuah) eligible for deemed status in the first place, requires the center to have, among other things, "an ongoing quality improvement system that includes clinical services and management, and that maintains the confidentiality of patient records." 42 U.S.C. § 254b(b)(1)–(2), (k)(3)(C)

34. Courts have had no trouble recognizing claims concerning a deemed PHS defendant's alleged failure to safeguard confidential patient information as arising out of a "medical … or related function" within the meaning of 42 U.S.C. § 233(a). *See, e.g.*, Mixon, 2022 WL 1810615 *4-8 (finding deemed health center defendant's maintenance of confidential patient records is a "related function" within the meaning of § 233(a) immunity, regardless of whether the party alleging a failure to do so is an individual plaintiff or a putative class of patients); *Kezer v. Penobscot Community Health Center*, 15-cv-225-JAW, 2019 BL 141566 at *6 (D. Me. Mar. 21,

2019) (breach of patient confidentiality claim against deemed PHS employees falls within the scope of § 233(a) immunity, and performance of administrative or operational duties, including the duties the maintain the confidentiality of patient PI, can qualify as "related functions" within the meaning of § 233(a)); *Cf. Teresa T. v. Ragaglia*, 154 F. Supp. 2d 290, 300 (D. Conn. 2001) (finding that doctor's duty to report suspected child abuse is a "related function to the doctor's performance of medical services."); *Brignac v. United States*, 239 F.Supp.3d 1367 (N.D. Ga. 2017) (recognizing that allegations of failing to report misconduct and failing to hire and retain is conduct covered under the FSCHAA); *La Casa de Buena Salud v. United States*, 2008 WL 2323495, **18-20 (D.N.M. March 21, 2008) (recognizing that FSHCAA coverage under § 233(a) may extend to claims of negligent hiring, retention, and supervision).

35. Plaintiffs' claims arise out of "health or health-related functions performed by [Refuah]," 42 U.S.C. § 233(h)(1), which are not only quintessential to its provision of quality and integrated health care services but are statutorily mandated for all deemed health center entities and a condition of their deemed PHS status—*i.e.*, "to implement and maintain systems and procedures for protecting the confidentiality of patient information and safeguarding this information against loss, destruction, or unauthorized use, consistent with federal and state requirements, may result in disapproval of this deeming application." *See*, *e.g.*, Program Assistance Letter 2021-21, Calendar Year 2022 Requirements for Federal Tort Claims Act (FTCA) Coverage for Health Centers and Their Covered Individuals (Feb. 9, 2021), available at https://bphc.hrsa.gov/sites/default/files/bphc/ftca/pdf/pal-2021-01.pdf; 42 U.S.C. §§ 233(h)(1), § 254b(k)(3)(C). Plaintiffs allege Refuah failed to provide this protection and was harmed as a result. As set forth in detail below, Refuah's performance of these functions is intertwined with and inseparable from its medical functions, as a Section 330 health center and safety net provider.

36. The maintenance of confidential patient records and information is not only a medical or related function within the scope of Refuah health center project/deemed PHS employment, but this action, to the extent it seeks relief *from Refuah*, is rooted in allegations that it failed to adequately perform such functions. In other words, with respect to Refuah, the complaint acknowledges, if not hinges on, the inextricable connection between the provision of health care services and the duty to maintain the confidentiality of patient information. Ex. A, Compl. at ¶¶ 2, 126 (Plaintiffs and putative class members were required to provide and entrust Refuah with PI as a condition of receiving health care services).

37. Plaintiffs' exclusive remedy with respect to the alleged acts or omissions of Refuah is a claim against the United States under the FTCA. *See* 42 U.S.C. § 233(a) (remedy against United States provided by FTCA "shall be exclusive of any other civil action or proceeding.").

## VI.   OTHER PROCEDURAL REQUIREMENTS

38. Venue before this court is proper because this Notice of Removal is filed in the federal district court that embraces the place where the local state court matter is pending. *See* 28 U.S.C. §§ 1441(a), 112(b).

39. Under 28 U.S.C. § 1446(b)(1), removal is timely as Refuah filed this notice of removal within thirty days of its receipt of the summons and complaint.

40. In addition, a copy of this Notice of Removal has been contemporaneously filed with the local state court where this action was filed, along with copies of all process and pleadings. 28 U.S.C. § 1446(d).

41. Pursuant to 42 U.S.C. § 233(*l*)(2), all proceedings in this case are automatically stayed pending the Court's hearing and threshold immunity determination. 42 U.S.C. § 233(*l*)(2) (upon removal, "[t]he civil action … shall be stayed in ["the appropriate United States district

court"] until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination").

## CONCLUSION

For the forgoing reasons, the Court should, after conducting a hearing pursuant to 42 U.S.C. § 233(*l*)(2), substitute the United States as the only proper defendant in place of Refuah in the above-captioned action.

Dated: June 16, 2022                    Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.


/s/ *James P. Flynn*
James P. Flynn
One Gateway Center
Newark, NJ 07102
Tel: 973.642.1900
jflynn@ebglaw.com


FELDESMAN TUCKER LEIFER FIDELL LLP


/s/ *Matthew S. Freedus*
Matthew S. Freedus*
1129 20th Street, N.W., 4th Floor
Washington, DC 20036
Tel: 202.466.8960 (telephone)
mfreedus@ftlf.com

*Attorneys for Defendant Refuah Health Center, Inc.*

*A motion for *pro hac* admission will be filed Promptly

FIRM:56352828v1

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused a copy of Defendant's Notice of Removal, supporting exhibits, and Civil Cover Sheet to be served upon counsel for Plaintiffs via email addressed to Todd S. Garber, Esq.  (tgarber@fbfblaw.com).

I hereby further certify that, on this date, I caused Defendant's Notice of Filing of Removal, together with a copy of the Notice of Removal, to be filed via New York State Courts Electronic Filing system.

Dated: June 16, 2022                    */s/ James P. Flynn*
                                                        JAMES P. FLYNN

FIRM:56352828v1